UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN GABRIEL POLOCHE AQUIRRE,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, Krome North Service Processing Center, et al.,<br><br>Respondents. | Case No.:  26-CV-4146 JLS (SBC)<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF No. 1) |

Presently before the Court is Petitioner Juan Gabriel Poloche Aquirre's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1).  Also before the Court is Respondents' Return to Petition for a Writ of Habeas Corpus ("Ret.," ECF No. 11).  Petitioner did not file a traverse.  *See generally* Docket.  Petitioner alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center.  *See* ECF No. 4 (order granting transfer motion to Southern District of California).  Petitioner, a citizen of Columbia, alleges that he entered the United States with his family on or about May 10, 2023.  Pet. ¶ 22.  Upon entering the United States, Petitioner was apprehended by immigration authorities, detained for a week, and then released on his own

26-CV-4146 JLS (SBC)

recognizance to pursue his asylum claim with his family.[1]  *Id.* ¶ 23.  On June 27, 2026, Petitioner traveled to Florida to attend an international soccer match and was detained by immigration authorities after attempting to enter the stadium with a ticket purchased through a third party that was invalid.  *Id.* ¶ 29.  Petitioner was then transferred to Otay Mesa.  *See generally* Docket.  Petitioner alleges that his continued detention violates the Due Process Clause of the Fifth Amendment.  *Id.* ¶¶ 39–54.

Respondents state that Petitioner is subject to detention under 8 U.S.C. § 1226(a) and therefore "do[] not oppose the [P]etition and defer[] to the Court on the appropriate relief."  Ret. at 1–2.  The Court finds that Petitioner is entitled to release.  *See, e.g.*, *Noori v. LaRose*, 807 F. Supp. 3d 1146, 1163–67, 1169 (S.D. Cal. 2025) (granting release under similar facts); *Tran v. LaRose*, No. 26-CV-2653 JLS (GC), 2026 WL 1303166, at *1–3 (S.D. Cal. May 12, 2026) (same); *Antonio v. LaRose*, No. 26-CV-2387-LL-MMP, 2026 WL 1215037, at *1–3 (S.D. Cal. May 4, 2026) (same).

Accordingly, the Court **GRANTS** Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1) and **ORDERS** Respondents to immediately release Petitioner from custody subject to the conditions of his preexisting release.  The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner is entitled to notice of the reasons for revocation of his release and a hearing before a neutral decision maker to determine whether detention is warranted.  The Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.

/ / /

/ / /

/ / /

/ / /

---

[1] The Court notes that Petitioner did not provide any documentation of his prior parole status. However, Respondents do not argue that Petitioner was not previously released on parole and do not oppose the Petition.  The Court thus deems this fact admitted.

26-CV-4146 JLS (SBC)

The Parties are **ORDERED** to file a Joint Status Report by August 12, 2026, confirming that Petitioner has been released.  As this concludes the litigation in this matter, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  August 7, 2026

Hon. Janis L. Sammartino
United States District Judge

26-CV-4146 JLS (SBC)